**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Linda G. Scott, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Westgate Resorts, LTD ; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Linda G. Scott, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), the Massachusetts Consumer Protection Act M.G.L. c. 93A § 2 ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.04(1)(f) ("MDCR").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Linda G. Scott ("Plaintiff"), is an adult individual residing in Belchertown, Massachusetts, and is a "debtor" as defined by 940 CMR 7.03 in that she was allegedly personally liable for a debt, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Defendant Westgate Resorts, LTD  ("Westgate"), is a Florida business entity with an address of 5601 Windhover Drive, Orlando, Florida 32819, and a "creditor" as the term is defined by 940 CMR 7.03, and a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6.     Within the last four years, Westgate began contacting Plaintiff on Plaintiff's cellular telephone at number 413-xxx-0512, as well as Plaintiff's residential telephone at number 413-xxx-6883, in an attempt to collect a debt (the "Debt") allegedly owed by Plaintiff.

7.     Westgate harassed Plaintiff with calls to her cellular phone at the excessive rate of over three calls per week.

8.     During all times mentioned herein, Westgate placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer").

9.     When Plaintiff answered the calls, she was met with a period of silence and had to wait on the line to be connected to the next available representative.  Plaintiff would say, "hello" several times before a Westgate representative came on the line.

10.     During a call with Westgate, Plaintiff demanded that all calls to her cease.

11.     Westgate continued to harass Plaintiff with automated calls to her cellular and home phones. The continued harassing phone calls caused Plaintiff significant inconvenience and frustration.  The continued calls to Plaintiff's cell phone violated the TCPA.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

14.     Expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.*

15.     Westgate's telephone systems have some earmarks of a predictive dialer.

16.     Often when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

17.     Upon information and belief, Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her request for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.      The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

24.     The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

25.      Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

26.     On or around August 19, 2015, Plaintiff mailed to Defendant a written pre-suit demand letter and draft complaint describing the unfair and deceptive act and injury suffered. The pre-suit demand did not result in Plaintiff's claim being resolved.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Double or treble damages plus reasonable attorney's fees and costs pursuant to M.G.L. c.  93A § 9(3);

3. Punitive damages; and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 19, 2016

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff